UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Alvin Davis, Jr., Deana Cornwall, Eric Cash, Rhonda Karen Campbell, Matthew Brown, Rafael Cabral, Thomas Lee Bradley, Laura Ankerson, Calisha Alexander, Steven L. Fowler, James B. Flowers, Ohazi Farhan, Robert Dale Edwards, Darlene Bargle, Richard Dotson, Jr., Stephen DeBrunner, Robert Phillips, Kevin Quick, Ikeisha Roberts, Priscilla Samples, Jeremy Schults, Karen Sewell, Paul Springer, Daniel Britt Surles, Josh Tweed, Mary Wallace, George Anthony Williams, Katrina Williams, James Brian Wingard, James Montgomery, Kyle Norris, Megan Norris, Angela Peterson, John Higman, Jr., Paul Holland, James Hood, Christopher Bruce Houser, Kendricks Lott, Jason Mazyck, Armondo Garcia, Jason Blake Godfrey, Crystal Hicks, Tim Henegar, David Harold, Laura Merrell, Don Moncrief, James McGonnell, Nancy Cobb, and Bradley William Waters,<br><br>                Plaintiffs,<br><br>vs.<br><br>ECPI College of Technology, L. C.<br><br>                Defendant. | Civil Action No.: 6:05-CV-02034-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court on Plaintiffs' Motion for Preliminary Injunction and for Certification of Question of Law to the South Carolina Supreme Court. As discussed more fully below, Plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

The Defendant provides educational services by contract ("Enrollment Agreement") with its students. That Enrollment Agreement includes an agreement to submit any disputes to binding arbitration ("Arbitration Agreement"). The Enrollment Agreement offered by Defendant was drafted entirely by Defendant and is presented to potential students on a take-it or leave-it basis. Students wishing to avail themselves of the educational services provided by Defendant must accept the terms offered by Defendant and have no power to negotiate modification of those terms. The Arbitration Agreement, when viewed separately from the remainder of the contract, was drafted entirely by Defendant and is presented to potential students on a take-it or leave-it basis. Again, students wishing to avail themselves of the educational services provided by Defendant had to accept the offered arbitration terms as is and had no power to negotiate modification of the terms of arbitration.

All of the Plaintiffs, with the exceptions of Nancy Cobb and Bradley William Waters, initiated a class arbitration proceeding against Defendant with the American

Arbitration Association ("AAA"). Upon review of the Arbitration Agreements between Plaintiffs and Defendant, AAA denied the request for class arbitration and instructed the Plaintiffs to initiate separate arbitration claims. Plaintiffs submitted separate claims for arbitration and sought to consolidate those claims into one proceeding. Again, AAA denied the Plaintiffs' request for any type of consolidated proceedings. Plaintiffs then initiated this matter and now seek to enjoin Defendant from proceeding with arbitration, claiming that the Arbitration Agreements are contracts of adhesion containing unconscionable provisions that taint the agreements.

## **DISCUSSION**

In support of their motion, Plaintiffs submitted an Affidavit of Plaintiffs' Counsel, which provides a history of Plaintiffs' efforts to obtain class arbitration or reasonable consolidated arbitration proceedings. In summary, Plaintiffs state that they made appropriate requests to the Defendant and to AAA for the class arbitration, which were rejected outright. Plaintiffs also requested reasonable consolidation of arbitration proceedings. Like the Plaintiffs' requests for class treatment, these consolidation requests were also denied. After requesting reconsideration by AAA, and again being denied, AAA began appointing arbitrators to conduct forty-seven (47) entirely separate proceedings, with no consolidation of any kind. The Affidavit provides further details of phone conferences with multiple

arbitrators, multiple dates and deadlines for filing of memoranda and other submissions in each separate case, and multiple appearances, with no consolidation of any kind permitted. Plaintiffs allege commonality of issues, multiple witnesses, experts, documents, and evidence, which would need to be presented forty-seven (47) separate times for each arbitration proceeding. Defendant insists on the forty-seven (47) entirely separate proceedings, referencing its contract which states that the arbitration ". . . shall not be joined or consolidated with any other arbitration." Plaintiffs, in their Amended Complaint, list several contract provisions which they claim to be unconscionable. Plaintiffs seek a court ruling on the unconscionability of the provisions of the Arbitration Agreements and ask this Court to certify this question of unconscionability to the South Carolina Supreme Court as a matter of first impression.

### **CERTIFIED QUESTION OF LAW**

The South Carolina Supreme Court has stated "that preclusion of class wide or consolidated arbitration in an adhesion contract, even if explicit, undermines the principles favoring expeditious and equitable case disposition absent demonstrable prejudice to the drafter of the adhesion contract." *Bazzle v. Green Tree Fin. Corp.*, 351 S.C. 244, 266, 569 S.E.2d 349, 361 (2002) Fn 21 *vacated on other grounds Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 123 S. Ct. 2402 (2003). General contract principles of state law apply to arbitration clauses. *Doctor's Assoc. Inc. v.*

*Casarotta*, 517 U.S. 681, 116 S. Ct. 1652 (1996); *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 115 S. Ct. 834 (1995); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S. Ct. 927 (1983). State law remains applicable if that law, legislative or judicial, governs issues concerning the validity, revocability and enforceability of all contracts generally. *Perry v. Thomas*, 482 U.S. 483 Fn 9, 107 S. Ct. 2520 (1987).  Under the Federal Arbitration Act, an arbitration clause is separable from the contract in which it is embedded and its validity is distinct from the substantive validity of the contract as a whole. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S. Ct. 1801 (1967).  "Generally, an adhesion contract is a standard form contract offered on a take-it or leave-it basis with terms that are not negotiable." *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 541, 542 S.E.2d 360, 365 (S.C. 2001).  Looking at the Arbitration Agreements drafted and presented by the Defendant, the Court finds that the standard form Arbitration Agreement embedded in the Defendant's standard form contract is a contract of adhesion with no balance of equality in its formation or execution.  However, the Court finds there is sufficient law governing the unconscionability of contracts in general that it is not necessary to certify a question of law on  unconscionability to the South Carolina Supreme Court.  Therefore, the Plaintiffs' motion for a certified question of law to the South Carolina Supreme Court is denied.

**PRELIMINARY INJUNCTION**

Plaintiffs also move this Court for an injunction enjoining the Defendant from proceeding with any arbitration proceedings. In deciding whether to grant a preliminary injunction, the court must consider (1) the likelihood of irreparable harm to the Plaintiffs, (2) the likelihood of harm to Defendant if the injunction is granted, (3) the likelihood that Plaintiffs will succeed on the merits, and (4) the public interest. *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004) (citing *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977)). It is sufficient to grant an injunction if the court is satisfied that there is a probable right and a probable danger, and the right may be defeated, unless the injunction is issued, and considerable weight is given to the need of protection to the plaintiffs as contrasted with the probable injury to the defendant. *Blackwelder*, 550 F.2d at 193 (citing *Sinclair Refining Co. v. Midland Oil Co.*, 55 F.2d 42 (4th Cir. 1932)). "[T]he Supreme Court laid down the rule 'generally to be applied' by trial courts in the exercise of their discretion in Rule 65(a) situations in *Alabama v. United States*, 279 U.S. 229, 49 S. Ct. 266 (1929). *Blackwelder*, 550 F.2d at 194. That rule is the balance-of-hardship test. *Id*. at 194. "The balance-of-hardship test correctly emphasizes that, where serious issues are before the court, it is a sound idea to maintain the status quo *ante litem*, provided that it can be done without imposing too excessive an interim burden upon the defendant." *Id*. at 194-5. "[T]he first step in a Rule 65(a) situation is for the court to balance the 'likelihood' of

irreparable harm to the plaintiff against the 'likelihood' of harm to the defendant; and if a decided imbalance of hardship should appear in plaintiff's favor, then the likelihood-of-success test is displaced." *Id*. at 195; *see also Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 417 (4th Cir. 1997) ("If, after making this comparison, the district court concludes that the balance of potential hardships favors the plaintiff, then 'it is enough that grave or serious questions are presented; and plaintiff need not show a likelihood of success.'" *Ciena Corp. v. Jarrard*, 203 F.3d 312, 323 (4th Cir. 2000)). The importance of the probability of success increases as the probability of irreparable injury diminishes. *Id*.

Considering the first requirement for issuing an injunction, the Court finds that there is great likelihood that Plaintiffs will suffer irreparable injury if an injunction is not issued. One key issue in the case before this Court is whether, as a matter of South Carolina law, an express waiver of class arbitrability or consolidation of arbitrations is unconscionable. The Plaintiffs seek to resolve their claims as a consolidated proceeding or as a class action alleging that their claims have common issues of both law and fact. Defendant has opposed, and AAA has denied the Plaintiffs the opportunity to have their claims heard in one proceeding. Each Plaintiff is therefore forced to prepare for and expend the cost of arbitrating his claim, which is one of forty-seven (47) entirely separate proceedings, with each proceeding consisting of common issues, the same multiple witnesses, the same experts, common documents, and common evidence. There is also no guarantee

that the forty-seven (47) separate arbitrations will not produce forty-seven (47) entirely inconsistent outcomes.  Thus, the likelihood of irreparable injury to the Plaintiffs is great if these separate proceedings continue while the question of the validity of the Arbitration Agreement is being decided.

Regarding the second requirement for issuing an injunction, the likelihood of irreparable injury to Defendant is negligible.  In fact, separate proceedings on common issues would be as injurious to the rights of the Defendant.  Furthermore, the Defendant will not be harmed by issuance of a restraining order or an injunction pending resolution of the question of unconscionability affecting the validity of the Arbitration Agreement.

Balancing the equities to the parties, the Court finds that there is a decided imbalance of hardship to the Plaintiffs if an injunction is not entered.  Such hardship to the Plaintiffs greatly outweighs any potential harm to the Defendant.  Therefore, as to satisfying the third requirement to issue an injunction, it is not necessary to examine the likelihood-of-success test.  Alternatively, given the South Carolina Supreme Court's statement in *Bazzle* and the case law regarding unconscionability of contracts, the Plaintiffs have an apparent likelihood of success on the merits.

Satisfying the fourth and final requirement to issue an injunction, the Plaintiffs have demonstrated a sufficient public interest.  In the now vacated *Bazzle* opinion discussed above, the South Carolina Supreme Court stated that the availability of class action or consolidated proceedings is important to the public interest, because

it promotes expeditious and equitable case disposition.  In separate proceedings, the Plaintiffs must present their common issues repeatedly, which will likely result in varied, inconsistent outcomes. Separate proceedings on common issues, with the strong likelihood for inconsistent results, is neither expeditious nor equitable if a consolidated proceeding is appropriate.

After reviewing this matter under the requirements for granting injunctive relief and determining that the Plaintiffs have satisfied these requirements, the Court grants the Plaintiffs' motion for a temporary injunction.  Therefore, both parties are hereby enjoined from pursuing any arbitration proceedings until this Court has had an opportunity to hear and rule upon the unconscionability of the underlying Arbitration Agreement.

IT IS THEREFORE ORDERED that the Plaintiffs' Motion for Preliminary Injunction and for Certification of Question of Law to the South Carolina Supreme Court is GRANTED IN PART and DENIED IN PART, as indicated herein above.  More specifically, the Motion for Preliminary Injunction is GRANTED and the Motion for Certification of a Question of Law to the South Carolina Supreme Court is DENIED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
September __26__, 2005.